UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
ANTHONY D. RAY,                 )
                                )
            Plaintiff,          )
                                )
    v.                          )   Civil Action No. 15-0629 (ABJ)
                                )
J. PATRICIA WILSON SMOOT,       )
                                )
            Defendant.          )
_____)

## MEMORANDUM OPINION

Plaintiff Anthony D. Ray is a prisoner incarcerated at the Federal Correctional Institution in Cumberland, Maryland. In a form complaint designed for prisoners suing under 42 U.S.C. § 1983, plaintiff sues U.S. Parole Commission Chairperson J. Patricia Wilson Smoot. He claims that defendant violated his alleged right under District of Columbia law to be scheduled for a parole hearing on an annual basis. Plaintiff seeks his release to parole or a parole hearing one year from the date of his last hearing.

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for want of subject matter jurisdiction, Def.'s Mot. to Dismiss [Dkt. # 12] ("Def.'s Mot."), which plaintiff has opposed, Pl.'s Reply to Def.'s Mot. [Dkt. # 14] ("Pl.'s Opp."). Defendant contends that the complaint "is effectually a claim for relief in the nature of *habeas corpus*," over which this Court lacks jurisdiction since Ray is not incarcerated in the District of Columbia. Def.'s Mot. at 1. While it is true that a challenge to the fact or duration of a prisoner's confinement is the province of habeas corpus, that remedy must precede a civil action only if a successful challenge would

"necessarily imply the invalidity of confinement or shorten its duration." *Davis v. United States Sentencing Comm'n*, 716 F.3d 660, 666 (D.C. Cir. 2013). *See accord Anyanwutaku v. Moore*, 151 F.3d 1053, 1055 (D.C. Cir. 1998). Plaintiff counters essentially that since the decision to release him to parole is discretionary, a parole rehearing would not necessarily shorten his confinement and, thus, is not a remedy exclusive to habeas. *See* Pl.'s Opp. at 2–3. While plaintiff makes a valid point, the Court finds a more fundamental problem with the complaint, namely, that it is barred by sovereign immunity. Hence, the Court will grant defendant's Rule 12(b)(1) motion, albeit on a different basis.

## BACKGROUND

Plaintiff is serving a prison sentence of twenty-five years to life imposed in 1991 by the Superior Court of the District of Columbia following his conviction for first-degree murder while armed and two firearm counts. *See Ray v. United States*, 620 A.2d 860 (1993); *United States v. Ray*, 1990-FEL-002857 (D.C. Super. Ct.). The U.S. Parole Commission assumed responsibility over D.C. Code offenders in 1998 as a result of the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, 111 Stat. 712, 734-37 ("Revitalization Act"), codified at D.C. Code §§ 24-101-142. *See Fletcher v. Reilly*, 433 F.3d 867, 870 (D.C. Cir. 2006) (discussing "Changes to Parole and Reparole Regulations for D.C. Code Offenders"). According to defendant, plaintiff became eligible for parole on March 7, 2015, after serving twenty-five years of his sentence. Following a parole hearing on October 15, 2014, the hearing examiner recommended a denial of parole, which the Commission adopted. The Commission

scheduled the next parole hearing after plaintiff's service of sixty months (five-year setoff).[1]  The five-year setoff (as opposed to one year) forms the basis of this action.

## SOVEREIGN IMMUNITY

Under the doctrine of sovereign immunity, the United States and U.S. agencies are immune from suit unless Congress has expressly waived immunity by statute.  *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *accord Friends of the Earth v. U.S. E.P.A.*, 934 F. Supp. 2d 40, 45–46 (D.D.C. 2013).  The United States' consent may not be implied; it must be "unequivocally expressed."  *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992).  A waiver of immunity is strictly construed in favor of the sovereign.  *Orff v. United States*, 545 U.S. 596, 601–02 (2005).  Plaintiff bears the burden of "overcom[ing] the defense of sovereign immunity in order to establish the jurisdiction necessary to survive a Rule 12(b)(1) motion to dismiss."  *Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006), citing *Tri–State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003).

The Court of Appeals has made clear that "despite its role in administering parole for D.C. Code offenders, the Commission retains the immunity it is due as an arm of the federal sovereign" because nothing in the Revitalization Act "indicate[s] that Congress intended to subject the Commission to § 1983 liability."  *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005).  And while the individual members of the Commission may be "amenable to suit under

---

1   Defendant has set out verbatim what appears to be the Commission's decision, Def.'s Mot. at 2, but neither she nor plaintiff has placed the official documents in the record.  Since plaintiff does not refute the described occurrences, the Court will proceed on the current record but will order defendant to complete the record by filing the documents upon which she has relied.

§ 1983 for actions taken pursuant to [the Revitalization Act]," *id*. at 1104, plaintiff does not state in what capacity Smoot is being sued, and he has not alleged facts in either the complaint or his opposition establishing her personal involvement in the challenged action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law."). Consequently, the complaint provides no notice of an individual-capacity claim, *see* Fed. R. Civ. P. 8(a), and this suit against Smoot in her official capacity as Parole Commission Chairperson amounts to a suit against the immune sovereign. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (official-capacity suits, "generally represent only another way of pleading an action against an entity of which an officer is an agent"), quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978); *accord Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996); *Jones v. Fulwood*, 860 F. Supp. 2d 16, 21–22 (D.D.C. 2012).

## CONCLUSION

Sovereign immunity bars this action; therefore, defendant's motion to dismiss for lack of subject matter jurisdiction is granted. An Order accompanies this Memorandum Opinion.

AMY BERMAN JACKSON
United States District Judge

DATE: March 10, 2016